IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. ANDERSON, JR.,

    Plaintiff,

v.

CHAPPELL ROAN, et al.

    Defendants.

ORDER

Case No. 25-cv-365-jdp

---

On May 7, 2025, I entered an order assessing plaintiff Mark K. Anderson, Jr., an initial partial payment of $7.63 in this case. Now plaintiff has filed a motion to waive the initial payment, explaining that he cannot pay due to insufficient funds, a lack of outside financial support, and ongoing medical procedures that prevent him from working. *See* dkt. 8. I will grant his motion and allow him to proceed without making an initial partial payment.

In 28 U.S.C. § 1915(b)(1), Congress established a formula to determine how much a prisoner seeking leave to proceed *in forma pauperis* must pay to file a new civil action or appeal in federal court. The statute says, "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

In calculating the initial partial filing fee, I used the account statement that plaintiff submitted on May 5, 2025. *See* dkt. 3. I determined that plaintiff's average monthly deposits for the six-month period preceding the filing of his complaint were $38.17. Twenty percent of $38.17 is $7.63. But plaintiff's average monthly deposits in this calendar year are only $5.30,

and the prison has denied his request to disburse $7.63 due to insufficient funds. For these reasons, I will grant plaintiff's request to waive the initial partial payment.

ORDER

IT IS ORDERED that:

1. Plaintiff's request to waive the initial partial filing fee is GRANTED. However, plaintiff remains responsible for paying the entire $350 filing fee for this case when funds exist.

2. No further action will be taken in this case until the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

Entered this 30th day of May, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge