IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK K. ANDERSON, JR.,

                Plaintiff,

  v.

CHAPPELL ROAN, HAROLD NALE,          OPINION and ORDER
EILENE NALE, CHANGE HEALTHCARE INC,
UPPER PENINSULA HEALTH GROUP,          25-cv-365-jdp
DANA GORNEY, VANESSA HAUENSTEIN,
COLUMBIA CORRECTIONAL INSTITUTION,
and TC SOLUTIONS,

                Defendants.

---

Plaintiff Mark K. Anderson, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Anderson has filed a complaint alleging a wide range of unrelated misconduct against prison officials, private citizens, and public and private entities. Anderson's complaint was transferred to this court by the United States District Court for the Eastern District of Wisconsin. Anderson has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Anderson's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Anderson's allegations violate Federal Rule of Civil Procedure 20. Under Rule 20, defendants cannot be joined together in a lawsuit unless the claims asserted against

them arise out of the same occurrence or series of occurrences. Anderson's complaint contains at least five separate series of events involving (1) musician Chappell Roan; (2) Anderson's former landlords Harold and Eilene Nale; (3) Change Healthcare; (4) prison employee Vanessa Hauenstein; and (5) prison employee Dana Gorney.

Under Rule 20, Anderson may bring only one set of these claims in this lawsuit. I will give Anderson a short time to respond to this order by explaining which of these claims he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and I will screen the set of claims that he has chosen. If Anderson also wishes to proceed on other sets of claims, he should inform the court of that fact, and the clerk of court will open a new case for each separate set of allegations. But Anderson will owe another filing fee for each new case that is opened.

ORDER

IT IS ORDERED that plaintiff may have until July 8, 2025, to respond to this order as directed in the opinion above.

Entered June 16, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge